**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5012**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRICK LARRY GORDON, a/k/a Ty Gordon, a/k/a
Gordon Edgebert, a/k/a Edgebert Gordon,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:06-cr-00046-PMD-2)

———————

Submitted:  July 18, 2007          Decided:  August 13, 2007

———————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

H. Stanley Feldman, Charleston, South Carolina, for Appellant.
Reginald I. Lloyd, United States Attorney, John C. Duane, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrick Larry Gordon appeals the district court's order denying his motion to suppress evidence seized after a traffic stop. After the court denied the motion, Gordon pled guilty to one count of possession with intent to distribute five grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C) (2000). We affirm the conviction and sentence.

This Court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the government. Id.

Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). A stop for a traffic violation, "does not become unreasonable merely because the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity." Id. A routine and lawful traffic stop permits an officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation. United States v. Brugal, 209 F.3d 353, 358 (4th Cir. 2000). To further detain the driver

requires a reasonable suspicion on the part of the investigating officer that criminal activity is afoot. Id. In determining whether there was reasonable suspicion, the court must look at the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989). Additionally, officers are permitted to draw on their experience and specialized training to make inferences from and deductions about cumulative evidence. United States v. Arvizu, 534 U.S. 266, 273 (2002). Thus, a person's behavior, though appearing innocent, may raise questions justifying a detention when viewed in the totality and combined with the police officer's knowledge and experience. Illinois v. Wardlow, 528 U.S. 119, 125-26 (2000).

We find the district court did not clearly err in finding that the two police officers observed Gordon driving a car that was speeding. As a result of their observations, they were justified in stopping Gordon's car.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED